UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN FERGUSON,

       Plaintiff,

v.                                  Case No. 04-72743
                                  Hon. Victoria A. Roberts

OGLEBAY NORTON MARINE SERVICES
COMPANY, LLC,

       Defendant.
_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**I.    INTRODUCTION**

      This matter is before the Court on Cross-motions for partial summary judgment.

For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DENIES**

Defendant's Motion.

**II.    BACKGROUND**

      This action arises out of an injury to Plaintiff, Brian Ferguson, while employed by

Defendant, Oglebay Norton Marine Services Company, LLC.

      On July 10, 2004, while working on Defendant's vessel the M/V Earl W. Oglebay,

Plaintiff was injured.  Plaintiff, a deckhand, attempted to attach a mooring cable from the

vessel to the dock in order to secure the vessel for loading.  To do this, Plaintiff used a

heaving line which is a small diameter fiber rope, that was attached to the eye of the

1

mooring cable, a 1-inch diameter steel wire.  The heaving line is used to pull the eye within the deckhand's reach so he can reach down and pull it to the appropriate post on the dock.

Plaintiff was injured while using a heaving line to attach the bow mooring cable to the dock.  The stern end of the vessel was already attached, so the bow was drifting away from the dock, making it harder to pull the mooring cable with the heaving line. Plaintiff had the eye of the mooring cable just within reach and grabbed it with his left hand.  As he reached for the eye he slipped backwards due to debris on the dock.  His right arm, still holding the heaving line, jerked forward.  Plaintiff says he heard a loud pop in his shoulder.  The jerking pulled him forward and he let go of the eye of the mooring cable to avoid being pulled into the water.  He claims he also dropped the heaving line but because it was attached to the eye of the cable, it spun and wrapped around his glove.  Plaintiff's arm was pulled by the heaving line.

On July 21, 2004, Plaintiff filed a Complaint against Defendant pursuant to the Jones Act.  46 USC §688.

Both motions for partial summary judgment have to do with Plaintiff's contributory negligence.  Plaintiff says there is no evidence to support this defense.  Defendant asks the Court to find as a matter of law that Plaintiff was contributorily negligent.

## III.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d

2

476, 478 (6th Cir. 1995).  A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact.  *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995).  To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c).  *Cox*, 53 F.3d at 149.  Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact.  Rule 56(e); *Cox*, 53 F.3d at 150.  The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint.  *Copeland*, 57 F.3d at 479.  The mere

3

existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party.  *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

## IV.    APPLICABLE LAW AND ANALYSIS

Plaintiff contends that Defendant plans to rely solely on the implausibility of Plaintiff's testimony regarding how the heaving line got wrapped around his hand to demonstrate that he must have been contributorily negligent by wrapping the heaving line around his hand, a practice unequivocally prohibited.

Plaintiff relies on *Dixon v. Penn Central Company*, 481 F.2d 833 (6th Cir. 1973) to support his argument that the mere incredibility of a plaintiff's testimony is not sufficient to put contributory negligence before the jury.  In *Dixon*, the plaintiff was injured when he pulled a mechanical lever.  The lever started to move but then bounced back, causing injury to the plaintiff's back.  The defendant claimed the plaintiff's story was incredible.  The court held "a defendant is not entitled to reach the jury on an issue on which he bears the burden of proof on nothing but the incredibility of the plaintiff's testimony...[o]ther evidence of the matter to be proved must be adduced."  *Id.* at 837.

Defendant argues that it is not relying solely on the alleged implausibility of Plaintiff's testimony.  Defendant points out that there are two scenarios as to how Plaintiff's injuries occurred.  The first scenario is that Plaintiff was injured when the eye of the mooring cable jerked him forward and he heard a pop in his shoulder.  If that is the case, Defendant says Plaintiff was negligent for not letting go of the cable as soon as it started to pull him.  Defendant relies on testimony - including Plaintiff's - that ordinary care would have required Plaintiff to drop the line if he felt he was being pulled.

4

Plaintiff testified he did not let go of the mooring cable until after it pulled him forward.

The second scenario is that Plaintiff's injuries resulted from the heaving line wrapping around his hand and pulling his arm. Even if Plaintiff did not intentionally wrap the heaving line around his hand, Defendant contends he stood in the "bight of the line." The bight of the line is a section of line that forms a loop. According to Defendant, ordinary care requires a seaman to stay out of the bight of the line to avoid difficulty in letting go of the line and getting the line tangled on your hand. Defendant claims Plaintiff had to be standing in the bight of the line for the heaving line to have wrapped around his hand.

### A. Was Plaintiff Contributorily Negligent For Not Letting Go of the Mooring Cable When It Started To Pull Him?

The Plaintiff was not contributorily negligent for failing to let go of the line when it started to pull him. He testified he was given an order by the bosun, a supervisor, to hold on to the line.

> Q.   You think you should have let go of that line sooner or was it--
>
> A.   You have the bosun telling you, "Don't do it; don't do it; don't do it; don't do it. Get that line on[1]; get that line on." ... So, you know, it was one of those deals where you were told explicitly by your direct supervisor not to ditch the wire...

[Ferguson Deposition, p. 51]. Defendants do not dispute this testimony.

The Sixth Circuit has not addressed whether the defense of contributory negligence is absolutely barred when the plaintiff's injury was caused by obeying an

---

[1] "Get that line on" apparently refers to attaching the mooring cable to the bollard, a post on the dock which secures the vessel for loading.

order.  While Plaintiff directs the Court to *Hall v. American Steamship Company*, 688 F.2d 1062 (6th Cir. 1982), that case deals with the distinction between assumption of the risk and contributory negligence.  The defendant in *Hall* did not establish contributory negligence because it provided no evidence of a negligent act or omission.  It only asserted the plaintiff should have known the conditions were dangerous - which amounts to assumption of the risk.  *Id.* at 1066.  Similarly, *Tolar v. Kinsman Marine Transit Company*, 618 F.2d 1193 (6th Cir. 1980), does not address the negligence of a plaintiff injured as a result of following an order.  Consequently, it is necessary to look to our sister circuits.

In a recent Ninth Circuit case, *Simeonoff v. Hiner*, 249 F.3d 883, (9th Cir. 2001), the court reviewed the rule in several circuits regarding the applicability of contributory negligence in maritime cases, when the injuries resulted from following orders.  The court examined the Fifth Circuit rule[2] that seamen may not be held contributorily negligent for carrying out orders that result in injury, even if the seaman recognizes possible danger and does not delay to consider a safer alternative.  This rule was compared with the Eighth Circuit rule[3] that contributory negligence depends on whether a seaman is ordered to complete a task in a specific manner.  The Eighth Circuit sought to balance the reasonable care of seamen and the high degree of responsibility of ship owners.

While the *Simeonoff* court sided with the Fifth Circuit, the Eighth Circuit rule is in

———————————

[2]See *Williams v. Brasea, Inc.*, 497 F.2d 67 (5th Cir. 1974).

[3]See *Alholm v. American Steamship Co.*, 144 F.3d 1172 (8th Cir. 1998).

6

keeping with Sixth Circuit precedent.  In *Burden v. Evansville Materials, Inc.*, 840 F.2d 343 (6th Cir. 1988), the plaintiff was found to be contributorily negligent because he performed his assigned task in an unsafe method and there were safer alternatives known to him.  In *Burden*, the plaintiff was instructed to move some large coils from a vessel to an adjacent barge.  Rather than use the prescribed method of vertically lifting the coils, plaintiff decided to drag them to the barge.  One of the coils got snagged.  The plaintiff injured his back when he tried to lift it free.  The court affirmed the finding of contributory negligence.

The Eighth Circuit rule is that when a supervisor gives a general order, and the seaman performs the task in a negligent manner he may be found contributorily negligent.  However, where the seaman is following an order to complete a task in a specific manner, he cannot be held contributorily negligent.  This rule fits with *Burden*, where the plaintiff was found to be contributorily negligent, even though he was acting pursuant to an order from the captain, because he used an unsafe method to perform the general order that he move the coils.

Here, Plaintiff was given a specific order not to let go of the line.  According to Plaintiff's deposition testimony, he was told to not to "get the line on" during the time he was injured and while he was being pulled. [Ferguson Deposition, pp. 43-45].

Therefore, Plaintiff cannot be held contributorily negligent for not letting go of the line when it started to pull him.

### B.  Was Plaintiff Contributorily Negligent For Getting His Hand Tangled In The Heaving Line?

Plaintiff argues Defendant fails to make a prima facie case of contributory

7

negligence because Defendant has not presented any evidence of what safe alternative means of handling the heaving cable were available.

Defendant asserts Plaintiff was contributorily negligent for standing in the bight of the line, which resulted in the heaving line getting tangled around his hand. Defendant asserts Plaintiff would not have gotten tangled in the heaving line if he had not placed himself in the bight of the line. Defendant contends that ordinary care requires a seaman not to place himself in the bight of the line. Plaintiff does not address whether he was in the bight of the line.

Two of Plaintiff's fellow seamen testified as follows:

> Q.    Okay. Okay. I had asked you before. You said it wasn't proper to wrap a heaving line around your hand while you're holding it. Is that because if the line jerked it would be difficult to let go of?
>
> A.    Well, for a number of reasons. That's one of them, yes.
>
> Q.    All right [sic]. What are some other reasons that you can think of?
>
> A.    The line getting caught on your hand; unable to get it off. Just it's bad practice.
>
> Q.    Okay. And for similar reasons, you wouldn't want to hold a heaving line in such a way that a bite [sic] of it or a loop of it could get caught on you if you're trying to let go.
>
> A.    No.

[McGuire Deposition, pp. 43-44].

> Q.    Okay. Similarly would it be proper to handle a heaving line in such a way that the slack or bite [sic] of the heaving line could wrap around your hand if the line jumped so to speak?
>
> Objection for lack of foundation.

8

A.      No. That would be placing yourself in the bite [sic] of the line.
        That's one of the first things you're taught, is to never do.

[Mohr Deposition, p. 70].

Based on the testimony of Plaintiff's fellow seamen, impliedly there is a way to

hold a heaving line that would not be in the bight of the line.  But, Defendant does not

detail specifically how Plaintiff should have held the line in these circumstances so that

he would not be in the bight of the line.

Plaintiff relies on *Tolar* to demonstrate that Defendant did not make an adequate

showing of an alternative means to handle the heaving line.  In *Tolar*, the plaintiff,

without being asked to assist, helped hoist groceries onto the ship.  Generally, there is a

motorized apparatus used to hoist the groceries.  The apparatus was not available, so

crew members used a basket attached to a winch system by a cable.  However, the

basket scraped the side of the vessel and the groceries were in danger of spilling.  The

plaintiff grabbed the cable to hold it away from the ship, but the winch system recalled

the cable and seriously injured the plaintiff's thumb.

The court affirmed a finding that the plaintiff was not contributorily negligent.  At

most, the defendant proved assumption of the risk, which is an invalid defense in a

seaman's claim for injuries suffered aboard ship.  The court held that if there was a safe

alternative means to steady the groceries, and the plaintiff chose the unsafe route, he

may be contributorily negligent.  But, the method used by plaintiff was the only one

available.  *Tolar*, 618 F.2d at 1195-1196.  The court did not credit a fellow seaman's

testimony that as an alternative, the plaintiff could have held the bridle of the basket

rather than the cable, because there was no showing that the bridle was within the

9

plaintiff's reach.

Here, although Defendant established an inference through deposition testimony that there is a way to handle the heaving line so one is not in the bight of the line, Defendant has not provided any evidence that it was an available alternative to Plaintiff, even though that is what Defendant pled. Defendant's conclusory assertion, without support of evidence, is insufficient.

Defendant failed to present evidence of Plaintiff's negligence in this manner.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established as a matter of law that Plaintiff was contributorily negligent. To the contrary, no evidence has been presented that Plaintiff was contributorily negligent. Defendant's Motion is **DENIED**. Plaintiff's Motion is **GRANTED**.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  March 31, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2006.**

**S/Carol A. Pinegar**
**Deputy Clerk**

10